IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                             )<br>                    Plaintiff,              )<br>                                                             )<br>            v.                                        )            Criminal Action No. 07-91-MN-1<br>                                                             )<br>PAUL THIELEMANN,                    )<br>                                                             )<br>                    Defendant.            ) | |

## MEMORANDUM ORDER

At Wilmington this 28th day of January 2026:

On January 18, 2008, Paul Thielemann ("Defendant") pleaded guilty to one count of Receipt of Child Pornography and thereafter, on April 30, 2008, was sentenced to 240 months of imprisonment. Defendant was also sentenced to a term of 120 months of supervised release after his imprisonment, and that term commenced on August 7, 2024. On May 8, 2025 and May 13, 2025, Defendant, appearing *pro se*, filed two motions to prevent his assigned probation officer from visiting his workplace and contacting his employer (D.I. 161, 162). Those motions were denied as moot on May 23, 2025 (D.I. 163). On August 13, 2025, prior to completing one year of his 10-year term of supervised release, Defendant filed a motion for early termination of supervised release (D.I. 164). That motion was denied on August 21, 2025 (D.I. 165).

On September 4, 2025, Defendant moved for reconsideration of the denial of early termination of supervised release ("Motion"). (D.I. 166). The Motion relies largely on the same reasons as his original request for early termination, but Defendant seems to take particular issue with this court's finding that the Defendant failed his initial sexual history polygraph examination. Defendant incorrectly asserts that "[t]he sexual history polygraph administered to the Defendant was not authorized as a formal condition of supervised release by the sentencing court." This

assertion is incorrect; Special Condition Number Five of the Amended Judgment states, in part: "The defendant shall submit to random polygraph examinations, on subjects related to the monitoring supervision and treatment of the defendant, at the direction of the probation officer." (D.I. 94). Defendant further asserts that, absent a court order, "probation officers do not possess unfettered discretion to impose new or fundamentally different forms of examination outside the scope of court-imposed terms" and that "the polygraph was administered under threat of reincarceration for non-compliance-a mechanism directly at odds with modem constitutional standards the scope of court-imposed terms" (D.I. 166).

Those arguments are unpersuasive. Because the defendant is ordered to submit to random polygraph examinations while on supervised release, any non-compliance with that special condition could be grounds for the probation officer to petition this court to revoke the defendant's supervised release. Such a petition could ultimately result in an additional term of incarceration being imposed. 18 U.S.C. § 3583(e)(3). Defendant was made aware of this at his change of plea hearing. (D.I. 121 Hr'g Tr. 10:7-14 (Jan. 18, 2008)):

> THE COURT: Do you understand that if your sentence includes a term of incarceration followed by a term of supervised release, and if you are found to be in violation of any of the conditions of your supervised release, that your release may be revoked and you may serve an additional term in jail? Do you understand that?
>
> THE DEFENDANT: Yes.

The court has broad authority when deciding to terminate a defendant's term of supervised release. "The court may…terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release…if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Although the court does recognize that Defendant has abided by his

conditions of supervised release and maintained employment approved by the U.S. Probation Office, compliance with court-ordered supervised release conditions alone is not a sufficient reason to terminate supervised release early, nor is it in the interests of justice where a defendant committed a sex offense.

At the time of the filing of the motion for reconsideration, Defendant has only completed 13 months of his term of supervised release. The Guide to Judiciary Policy, Vol. 8E, § states that during the first 18 months, early termination is based on overall progress, compliance with court orders, and evidence that the person can remain law-abiding. At 18 months, there is a presumption in favor of recommending early termination for certain individuals, but excludes those who have committed a sex offense. Defendant's offense of conviction in this case does not make him suitable for early termination at this time, and a substantial track record has not been established that would demonstrate that Defendant is no longer a risk to the community.

Finally, Defendant again asserts that he has had "18 years of evaluations by highly qualified, independent mental health professionals, all of whom have consistently opined that the Defendant poses no threat to the public." (D.I. 166). The only support for this assertion is a brief, one-page letter from his counselor dated July 15, 2025, that states Defendant "presents no evidence of being a danger to others" and recommends that Defendant "[c]ontinue regular individual counseling sessions." (D.I. 164). Nowhere in this letter, or in any of Defendant's submissions, does a counselor recommend that Defendant's term of supervised release be terminated early. Even if there were such a recommendation, that would not be sufficient grounds to do so in this case.

For the reasons set forth above, IT IS HEREBY ORDERED that Defendant's motion for reconsideration is DENIED, and the request for a hearing or request to prevent the U.S. Probation Office from contacting Defendant's employer are also DENIED.

                                                      */s/ Maryellen Noreika*
                                                      The Honorable Maryellen Noreika
                                                      United States District Judge